FILED
2008 May-19 PM 12:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| **DAVID JACK BAUGHN** | ) | |
| | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | **CIVIL ACTION: ____________** |
| | ) | |
| **vs.** | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **DAVOL, INC. and C.R. BARD, INC.;** | ) | |
| | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**COMPLAINT**

**Parties**

1. Plaintiff, DAVID JACK BAUGHN ("Plaintiff") is a citizen and resident of the Jefferson County, Alabama.

2. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant, C. R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and

participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant did substantial and continuous business in the State of Rhode Island.

**Jurisdiction**

4. The Court has subject matter and personal jurisdiction over the issues and the parties to this cause of action. DAVOL is a resident of the State of Rhode Island who manufacturers the product in Rhode Island. DAVOL's principal place of business is the State of Rhode Island. Plaintiff brings this complaint solely under state law and not under federal law and specifically not under the United States Constitution, or any of its amendments. Plaintiff believes and alleges that causes of action exist under the hereinafter set out state law claims for the conduct complained of herein.

**Facts**

5. Defendant DAVOL designed, manufactured and distributed the Composix Kugel Patch, a hernia mesh patch that was inserted into Plaintiff's body.

6. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Composix Kugel Patch that was inserted into Plaintiff's body.

7. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Composix Kugel Patch was authorized by the FDA as a Class II medical device.

8. Immediately after the Kugel Patches were placed on the market, DAVOL and BARD began receiving actual notices of memory ring failures and Kugel Patch defects. DAVOL and

BARD actively and intentionally concealed this notice of the defective and dangerous condition associated with the Kugel Patches from Plaintiff, Plaintiff's physicians, and the general public.

9. After the defective and dangerous Kugel Patch was already placed on the market, Defendants DAVOL and BARD conducted physician screenings and reviews as early as 2002. An Establishment Inspection Report ("EIR") conducted by the FDA in 2006 found that the post market survey validation process of the device was incomplete and failed to include all the data from the physicians surveyed during this time. Whether intentionally or negligently, BARD and DAVOL failed to properly conduct and monitor their own post market design validation physician surveys including those which demonstrated unfavorable or "dissatisfied" results. These complaints and concerns of the physician surveyors were actively concealed by DAVOL and BARD from Plaintiff, Plaintiff's surgeons, and the public at large.

10. On January 24, 2006 Plaintiff had a Ventralex Mesh 0010301 implanted to repair a hernia defect. Then, on August 20, 2006, Plaintiff had a Composix Mesh 0010203 implanted to repair another hernia.

11. The Composix Kugel Patch hernia repair product implanted in Plaintiff was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

12. No later than September 2004, Defendants uncovered serious problems with the weld process involving the memory recoil ring. Despite attempts to correct the problem at the plant, BARD and DAVOL found the corrective measures to be ineffective and the process still not in control. DAVOL and BARD were aware these weld issues had existed from the time the Kugel

Patches were originally placed on the market and all current lots suffered from this dangerous defect. This information was intentionally withheld at this time from Plaintiff, Plaintiff's physicians, the FDA, and all other individuals who had been implanted or would be implanted with Kugel Patches using the memory recoil ring.

13. During the 2006 EIR, corporate executives informed the FDA that the spring and summer period of 2005 showed a marketed increase in the number of complaints with the Kugel Patch and the memory recoil ring. In spite of their knowledge of increasing complaints and complications, DAVOL and BARD waited until August 30, 2005 to initiate a partial Kugel Patch distribution hold. DAVOL and BARD actively and intentionally chose not to immediately inform Plaintiff, Plaintiff's physicians, the FDA, and all other individuals who had been implanted or would be implanted with Kugel Patches using the memory recoil ring. DAVOL and BARD waited until December 2005 to notify the public of the potential severity of the complications which were resulting from the dangerous and defective Kugel Patches and have since admitted that the product quality hold and release procedure was not applied on a timely basis.

14. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the devices.

15. On December 22, 2005, DAVOL recalled many sizes of Composix Kugel Patches under a Class I recall notice.

16. The Composix Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

17. The FDA conducted the aforementioned EIR investigations in January and February of 2006. The results of these investigations determined, among other things, that BARD and DAVOL:

i. had excluded ring failure events which should have been included from their complication database, reports, and recall notices;
ii. misidentified numerous Kugel Patch complication events;
iii. failed to apply the product quality hold and release procedure on a timely basis;
iv. failed to properly follow the procedures for conducting design validation review;
v. failed to identify all the actions necessary to correct and prevent the recurrence of further ring break and Kugel Patch complications; specifically, they provided no justification for including only the Extra Large Kugel Patch sizes in the December 2005 recall;
vi. failed to provide full information which they knew regarding numerous Kugel Patch complaints;
vii. failed to actually perform strength testing on memory recoil rings for all sizes of Kugel Patch before putting them into the stream of commerce;
viii. failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the ring failures and Kugel Patch complaints resulting in numerous inconsistencies and errors in the raw data and from the actual complaints and what was placed in the electronic databases.

18. On March 24, 2006, the initial Class I recall on the Composix Kugel Patch was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh product.

19. On January 10, 2007, the existing recall on the Composix Kugel Patch was again expanded to encompass further production lots of the defective hernia mesh product. The Composix Kugel Patch product codes recalled through this recall included 0010202, 0010204, 0010206, 0010207, 0010208, and 0010209.

20. Although not recalled, Davol's Composix Kugel Patch product codes 0010201, 0010203 and 0010205, include the "memory recoil ring".

21. The FDA has received Medical Device Reports on problems with the "memory recoil

ring" in Davol's Composix Kugel Patch product codes 0010201, 0010203 and 0010205.

22. Plaintiff was never informed by Defendants of the defective, dangerous, and recalled nature of the Kugel Patch and memory recoil ring which had been implanted until well after discovering Bard's and Davol's FDA recall of the product.

23. Neither Plaintiff nor Plaintiff's physicians were aware of the defective and dangerous condition of the Kugel Patch or that this unreasonably defective condition was the cause of Plaintiff's injuries until some time after BARD and DAVOL chose to finally inform the general public of the defective nature of the Kugel Patches and the subsequent recalls.

24. On or about the October 18, 2006 Plaintiff was admitted for a severe infection and abdominal wall abscess.

25. Subsequently, Plaintiff was admitted on December 27, 2006 at which time he underwent exploratory laparotomy, incision and drainage of abdominal wall abscess, lysis of multiple adhesions, and excision and removal of old mesh. Since this procedure, Plaintiff has undergone additional surgical procedures for continued problems. He underwent an exploratory laparotomy on March 13, 2007 for removal of additional mesh and lysis and repair of adhesions. On July 27, 2007, he underwent an exploratory laparotomy as well as on October 5, 2007. He was admitted on or about May 15, 2008 for further complications.

26. Plaintiff has suffered and will continue to suffer physical pain and mental anguish.

27. Plaintiff has incurred substantial medical bills and Plaintiff has suffered loss of other monies.

28. DAVOL and BARD withdrew a large number of Composix Kugel Patches as a result of the high complication and failure rate of the product.

29. Upon information and belief DAVOL and BARD failed to comply with the FDA application and reporting requirements.

30. Upon information and belief DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Composix Kugel Patch before it was recalled.

31. Upon information and belief DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

32. Upon information and belief, the complications and failures associated with the Composix Kugel Patches are not limited to the sizes which DAVOL and BARD has already recalled.

33. Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design of the non-recalled Kugel Composix Patch sizes and chose not to issue a recall on all Kugel Composix Patches in the face of the high degree of complication and failure rates.

## COUNT I
## Negligence

34. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

35. Defendants DAVOL and BARD were negligent to Plaintiff in the following respects:

36. DAVOL and BARD, at all times mentioned, had a duty to properly manufacture, test, inspect , package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use of the Composix Kugel Patch.

37. DAVOL and BARD, at all times mentioned, knew or in the exercise of reasonable care should have known, that the Composix Kugel Patches were of such a nature that they were not

properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Composix Kugel Patch's users.

38. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Composix Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

39. DAVOL and BARD were aware of the probable consequences of the Composix Kugel Patch. DAVOL and BARD knew or should have known the Composix Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Composix Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard of the safety of Plaintiff.

40. Defendants DAVOL and BARD owed a duty to Plaintiff to adequately warn her and her treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Composix Kugel Patch and the resulting harm and risk it would cause patients.

41. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Composix Kugel Patch.

42. As a direct and proximate result of the duties breached, the Composix Kugel Patch used in Plaintiff's hernia repair surgery failed, resulting in Plaintiff suffering pain and harm.

43. As a direct and proximate result of DAVOL's and BARD's negligence, Plaintiff has

suffered injuries and damages.

44. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT II
## Strict Product Liability

45. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

46. Defendants DAVOL and BARD are strictly liable to Plaintiff in the following respects:

47. DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

48. The Composix Kugel Patches subject to the Class I recall were defective because they failed to perform safely and effectively for the purpose they were originally designed. While the Plaintiff's Composix Kugel Hernia Patch was not included in the Class I recall, it is included in the same product line, in that it also contains the "memory recoil ring" as in the recalled products. The Plaintiff's device failed while in her body causing her to develop serious physical complications which required subsequent, painful and unnecessary surgery as a result of her Composix Kugel

Patch.

49. At all times mentioned, the Composix Kugel Patch was substantially in the same condition as when it left the possession of DAVOL.

50. The Composix Kugel Patch implanted into Plaintiff was being used in a manner reasonably anticipated at the time it was implanted in her by her surgeon.

51. The Composix Kugel Patches, like the one found in Plaintiff, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Plaintiff as follows:

i. The Composix Kugel Patch was sold in a defective condition by design and manufacture;

ii. The Composix Kugel Patch as designed and manufactured was unsafe to Plaintiff;

iii. The Composix Kugel Patch as designed and manufactured was unreasonably dangerous to Plaintiff;

iv. The Composix Kugel Patch did not perform safely as an ordinary consumer/patient, like Plaintiff, would expect;

v. The Composix Kugel Patch as designed and manufactured was unsafe for its intended use;

vi. DAVOL and BARD failed to warn the end user about the dangers and risks of the product;

vii. DAVOL and BARD knew the component parts of the Composix Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

viii. Failing to implement an adequate, safe and effective “memory recoil ring” and/or its interaction with the mesh of the Composix Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix. Failing to avoid migration of the Composix Kugel Patch and/or its components from the initial site of the hernia repair surgery.

x. Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of

Composix Kugel Patches for hernia repair surgery as will be learned during discovery.

52. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum as permitted by statute together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT III
## Negligent Infliction of Emotional Distress

53. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

54. Defendants DAVOL and BARD are liable to Plaintiff for the negligent infliction of emotional distress in the following respect:

55. Plaintiff suffered severe emotional distress, which was as a result of Defendants' negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Composix Kugel Patch for hernia repair surgery.

56. Plaintiff suffered severe emotional distress, which was as a result of DAVOL's and BARD's negligent conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery.

57. Therefore, DAVOL and BARD are liable to Plaintiff.

58. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT IV**
**Intentional Infliction of Emotional Distress**

59. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

60. Defendants DAVOL and BARD are liable to Plaintiff for the intentional infliction of emotional distress in the following respect:

61. Plaintiff suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Composix Kugel Patch for hernia repair surgery.

62. Plaintiff suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery, in

complete and reckless disregard of safety to Plaintiff.

63. Therefore, DAVOL and BARD are liable to Plaintiff.

64. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT V**
**Breach of Implied Warranty**

65. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

66. Defendants DAVOL and BARD are liable to Plaintiff for their breach of implied warranty in the following respect:

67. DAVOL and BARD sold the Kugel Patch which was implanted in Plaintiff. DAVOL and BARD impliedly warranted to Plaintiff, her physicians and health care providers, that the Composix Kugel Patch was of merchantable quality and safe for the use for which they were intended.

68. DAVOL and BARD knew or should have known that the Composix Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for

hernia repair.

69. Plaintiff, her physicians and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Composix Kugel Patch was fit for such use.

70. When the Composix Kugel Patches were distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

71. Plaintiff suffered such injuries and damages as a result of DAVOL and BARD's conduct and actions.

**COUNT VI**
**Failure to Warn**

72. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

73. In the course of business, DAVOL and BARD designed, manufactured and sold the Composix Kugel Patch to the hospital for hernia repair surgeries.

74. At the time of the design, manufacture and sale of the Composix Kugel Patch, and more specifically at the time Plaintiff received the Composix Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch.

75. BARD and DAVOL failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of

distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Composix Kugel Patch, including but not limited to rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

76. The dangerous and defective conditions in the Composix Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time Plaintiff had her hernia repair surgery the Composix Kugel Patch was in the same condition as when manufactured, distributed and sold.

77. Plaintiff did not know at the time of use of the Composix Kugel Patch, not at any time prior thereto, of the existence of the defects in the Patches.

78. Plaintiff suffered the aforementioned injuries and damages as a direct result of DAVOL and BARD's failure to warn.

79. The conduct of BARD and DAVOL in continuing to market, promote, sell and distribute the Composix Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter BARD, DAVOL and others from similar conduct.

## COUNT VII
## Fraud

80. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

81. In the course of business, DAVOL and BARD designed, manufactured and sold the

Composix Kugel Patch for hernia repair surgeries.

82. At the time of the design, manufacture and sale of the Composix Kugel Patch, and more specifically at the time Plaintiff received the Composix Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch.

83. BARD and DAVOL was aware of the dangerous and defective condition of the products and intentionally withheld this information from Plaintiff, Plaintiff's physicians, and the general public even though these significant dangers were not readily obvious to the ordinary user of the products, even after a post surgical complication had arisen.

84. BARD and DAVOL fraudulently presented to Plaintiff, Plaintiff's physicians, and the general public that the Kugel Patch was a safe and effective product while they were fully aware that the dangerous and defective nature of the Kugel could and would cause injuries such as those suffered by Plaintiff.

85. Plaintiff and Plaintiff's physicians relied upon the fraudulent misrepresentations and concealments of Defendants and allowed for the defective Kugel Patch to be implanted.

86. As a direct and proximate result of Plaintiff's reliance on BARD's and DAVOL's fraudulent misrepresentations and concealments, Plaintiff was seriously and permanently injured.

87. As a direct and proximate result of the acts of the Defendants, Ms. Rodriguez has suffered, and will continue to suffer great pain and suffering, mental anguish, and was otherwise damaged.

88. The conduct of BARD and DAVOL in continuing to fraudulently market, promote, sell

and distribute the Composix Kugel Patch while fraudulently concealing knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter BARD, DAVOL and others from similar conduct.

**Wherefore**, Plaintiff respectfully requests judgment in her favor and against DAVOL and BARD for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for her costs.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS**.

/s/ W. Lewis Garrison, Jr.
W. Lewis Garrison (GAR008)
Timothy C. Davis (DAV-017)
William L. Bross (BRO-181)

***Of Counsel:***
**HENINGER GARRISON DAVIS, LLC**
**2224 1st Avenue North**
**Birmingham, AL 35203**
**205.326.3336 Telephone**
**205.326.3332 Facsimile**

Serve Defendants via Certified Mail:

DAVOL, INC.
100 Sockanosset Crossroad
Cranston, RI 02920

C.R. Bard, Inc.
730 Central Avenue
Murray Hill, NJ 07974